May Term,
1844.

GREGORY *v.* LOGAN.

GREGORY
v.
LOGAN.

Debt on a sealed note. Pleas, 1. *Nil debet;* 2. That the note was given without any good or valuable consideration; 3. That the note was given by the defendant, who was the administrator of one *A.*, deceased, to the plaintiff in consideration of a debt which *A.*, at the time of his death, owed the plaintiff, and for no other consideration. Replication to the second plea, that the consideration had not failed in manner and form, &c. *Held*, that the first and third pleas were bad, and the replication good.

*Thursday,*
*May 30.*

ERROR to the *Warren* Circuit Court.

SULLIVAN, J.—Debt by *Logan* against *Gregory* on a sealed note. Pleas, 1. *Nil debet;* 2. That the note was given without any good or valuable consideration; 3. That it was given by the defendant, who was the administrator of one *William Allen*, deceased, to the said *Logan* in consideration of a debt which *Allen*, at the time of his death, owed to *Logan*, and for no other consideration whatever; wherefore said writing obligatory is without consideration. The plaintiff replied to the second plea, that the consideration had not failed in manner and form, &c.; and filed general demurrers to the first and third pleas. The Court sustained the demurrers; and the issue on the second plea being, by consent of parties, submitted to the Court for trial, judgment was given for the plaintiff.

The demurrer to the first plea was correctly sustained. *Nil debet* cannot be pleaded to an action of debt on a sealed instrument.

The demurrer to the third plea was also properly sustained. It is contended, that, according to the statute of frauds and perjuries, the consideration of the promise by *Gregory*, as well as the promise itself, should have been in writing; and that as the instrument on which the suit is brought does not express a consideration, the judgment of the Court, on the demurrer, should have been for the defendant. The writing sued on is an agreement under seal, and to such contracts the statute does not apply. In *England*, in all contracts intended to be embraced by the statute, the consideration as well as the promise must be in writing, but it is there settled that contracts under seal are not embraced by it. In *New York*, where the *English* doctrine is followed, it is de-

cided that the statute does not apply to writings under seal. *Livingston* v. *Tremper*, 4 J. R. 416. The reason why the statute does not apply to contracts under seal is, that a seal, of itself, imports a consideration. (1). There is no validity therefore in the objection, that *Logan's* contract is not binding on him because no consideration is expressed for the promise; and as the plea sets up no bar to the plaintiff's action, the demurrer was correctly sustained.

It is also objected that there was no sufficient replication to the second plea. The replication is not formal, but this Court has heretofore held such a replication to be good on general demurrer. If it be so, it is also sufficient after verdict.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*R. C. Gregory*, for the plaintiff.

*R. A. Chandler*, for the defendant.

(1) The consideration of a written promise of an executor or administrator to answer damages out of his own estate, or of any person to answer for the debt, default, or miscarriage of another, &c., need not be expressed in the writing. R. S. 1843, p. 589.